**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                     **Criminal Action No. 3:00cr24-1
(Judge Bailey)**

**ARTHUR LEE HAIRSTON, SR.,**

      **Defendant.**

### REPORT AND RECOMMENDATION

### I.   Introduction

This case is before the undersigned for a report and recommendation on the defendant's Petition for Writ of Audita Querela. See dckt. 437 (Order of Referral). In the petition, the defendant seeks a writ of *audita querela* to collaterally attack his sentence in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).[1]

### II.   Factual and Procedural History

On March 16, 2001, the defendant was convicted by a jury of one count conspiracy to distribute crack cocaine (count one) and five counts distribution of crack cocaine (counts two through six). (Dckt. 253.) On August 3, 2001, the defendant was sentenced to 240 months imprisonment on count one and 240 months imprisonment on counts two through six, to run consecutive and concurrent to the extent necessary to produce a total sentence of 290 months

---

[1] In Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

imprisonment. (Dckt. 308.) The defendant appealed his conviction and sentence on August 20, 2001. (Dckt. 314.) The defendant's conviction and sentence were affirmed on June 7, 2002. (Dckt. 345.) The defendant's petition for writ of certiorari was denied by the United States Supreme Court on October 15, 2002. (Dckt. 347.)

The defendant filed his first motion to vacate his sentence under 28 U.S.C. § 2255 on October 20, 2003. (Dckt. 348). After receiving a response from the government, Magistrate Judge James E. Seibert entered a Report and Recommendation in which he recommended that the defendant's § 2255 motion be denied and dismissed on the merits. (Dckt. 361.) Magistrate Judge Seibert's Report and Recommendation was adopted in its entirety and the defendant's § 2255 motion was denied and dismissed with prejudice on October 6, 2004. (Dckt. 377.) The defendant's appeal of that Order was dismissed by the Fourth Circuit Court of Appeals on December 20, 2005. (Dckt. 387.)

On November 6, 2006, the defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255. (Dckt. 393.) On November 7, 2006, Magistrate Judge Seibert entered a Report and Recommendation which recommended dismissal of the defendant's second § 2255 motion as unauthorized and successive. (Dckt. 398.) That Report and Recommendation was adopted in its entirety and the defendant's second § 2255 motion was denied and with prejudice on December 21, 2006. (Dckt. 401.) The defendant appealed the denial of his second § 2255 motion on January 22, 2007. (Dckt. 402.) That appeal was dismissed on May 14, 2007. (Dckt. 407.)

### III. Contentions of the Parties

#### A. The Defendant's Writ

The petitioner seeks relief from his sentence pursuant to a writ of *audita querela* on the

ground that the mandatory guidelines in effect at the time he was sentenced have since been declared unconstitutional. Petition (dckt. 433) at 3. Therefore, the petitioner asserts that "in all fairness," his sentence imposed under an unconstitutional guideline scheme, should be reconsidered. Id. However, because the rules of retroactivity and § 2255's limitations on successive habeas challenges, the petitioner asserts that he has no other means to make his request. Id. Therefore, the petitioner asserts that this Court has the authority to consider his request pursuant to 28 U.S.C. § 1651, "The All Writs Act."[2] Id. at 4.

**B.   The Government's Response**

In its response, the government seeks the denial of the petitioner's writ for several reasons. First, the government asserts that the petition constitutes a successive motion under 28 U.S.C. § 2255. Response (dckt. 440) at 9. Second, the government asserts that the fact that the petitioner is unable to obtain relief under § 2255 does not create an avenue for relief pursuant to a writ of *audita querela*. Id. Third, the government asserts that to the extent that the defendant may be entitled to relief pursuant to a writ of *audita querela*, the defendant has not shown that he is entitled to such relief. Id. at 14-25.

**C.   The Defendant's Reply**

In his reply, the defendant argues that the government has failed to appropriately respond to the Court's Order of September 5, 2008, directing the government to file a response.[3] Reply

---

[2] Section 1651(a) states: "The Supreme court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

[3] This argument is not persuasive. In its response, the government argues several bases for the Court to deny the petition, including the fact that the circumstances of the defendant's case do not warrant relief under *audita querela*. However, because the defendant is not entitled to consideration of his claims under *audita querela* for procedural reasons, the Court need not address the individual circumstances of the

3

(dckt. 441) at 1-2. In addition, the defendant argues how the circumstances of his criminal case uniquely entitle him to the relief sought. Id. at 2-10. Moreover, the defendant asserts that the writ of *audita querela* is available to him "because Booker announced a new rule of constitutional law that was unforeseeable at the time of [his] sentencing, appeal, [and] habeas petition, thus distinguishing his case from" those cases cited by the government. Id. at 11. The defendant contends that his writ is not a § 2255 motion and is not banned by the limitations of that statute. Id. at 11-12. For these reasons, the defendant requests that his writ be granted. Id. at 12.

### IV. Analysis

"At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citation omitted). However, although Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished *audita querela* in the civil context, in United States v. Morgan, 246 U.S. 502 (1954), the Supreme Court found that common law writs potentially survive in the criminal context pursuant to the All Writs Act. Therefore, *audita querela* is potentially available "where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and this is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). Nonetheless, such common law writs survive only to the extent that they "fill the gaps" in the current system of federal post-conviction relief. Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

In this case, the defendant is barred from consideration of his Booker claim pursuant to another motion to vacate under 28 U.S.C. § 2255 because Booker is not retroactive to cases on

---

defendant's claim.

4

collaterally review[4] and because of § 2255's limitation on successive petitions. However, simply because the defendant cannot, at this time, successfully raise his claims in the appropriate manner, that does not mean that there is a "gap" in the current system of federal post-conviction relief. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (the statutory limits on successive habeas petitions does not create a "gap" in the post-conviction landscape that can be filled with common law writs); Valdez-Pacheco, 237 F.3d 1080 *cited with approval in* In re Watkins, No. 06-07807, 2007 WL 1041035 (4th Cir. 2007) (unpublished) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs."). To find otherwise would be nonsensical. Every prisoner currently limited by the rules of retroactivity and the restrictions of § 2255 would simply be able to bypass those limitations merely by filing a writ of *audita querela* and those limitations would have no meaning. Such action would fly in the face of the express intent of Congress in enacting the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, Title I, § 105, 110 Stat. 1214, 1220 (AEDPA), that limits the rights of prisoners to file § 2255 motions.

Thus, because the defendant's claims are cognizable in a § 2255 motion, even if he is barred from raising them at this time, the writ of *audita querela* is not available to him. See United States v. Richter, 510 F.3d 103 (2d Cir. 2007) (finding writ of *audita querela* not available to defendant raising Booker claim, even though time-barred from raising claim under § 2255); Carrington v. United States, supra (writ of *audita querela* not available to defendant seeking relief under Booker, even though defendant barred by raising claim in a successive § 2255 motion); see also United

---

[4] See United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

States v. Juvera, 2008 WL 2949545 (E.D.Ark. July 30, 2008) (*audita querela* not available to challenge sentence where defendant is time-barred from raising issue under § 2255); Brown v. United States, 2007 WL 4723378 (D.S.C. Nov. 2, 2007) (writ of *audita querela* not available to circumvent restrictions of 28 U.S.C. § 2255).

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Petition for Writ of Audita Querela (dckt. 433) be **DENIED**.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* defendant by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 29, 2009.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE