# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.
                                                    **CRIMINAL ACTION NO. 3:00-CR-24-1
(BAILEY)**

**ARTHUR LEE HAIRSTON, SR.,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Order dated on September 2, 2008 [Doc. 437], this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Joel filed his R & R on January 29, 2009 [Doc. 443]. In that filing, the magistrate judge recommended that this Court deny the defendant's Petition for Writ of Audita Querela [Doc. 433].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days of filing of this same, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The defendant timely filed his objections to the R&R on February 9, 2009. *See* Doc. 445. Accordingly, this Court will review those portions to which the defendant objected *de novo*. The remaining portions of the report and recommendation will be reviewed for clear error.

## **Background**

On March 16, 2001, the defendant was convicted by a jury of one count of conspiracy to distribute crack cocaine - Count 1 - and five counts of distribution of crack cocaine -Counts 2 through 6. On August 3, 2001, the defendant was sentenced to 240 months imprisonment on Count 1 and 240 months imprisonment on Counts 2 through 6, to run consecutive and concurrent to the extent necessary to produce a total sentence of 290 months imprisonment. The defendant appealed his conviction and sentence on August 20, 2001. The defendant's conviction and sentence were affirmed on June 7, 2002. The defendant's petition for writ of certiorari was denied by the United States Supreme Court on October 15, 2002.

The defendant filed his first motion to vacate his sentence under 28 U.S.C. § 2255 on October 20, 2003. After receiving a response from the Government, Magistrate Judge James E. Seibert entered a Report and Recommendation ("R & R") in which he recommended that the defendant's § 2255 motion be denied and dismissed on the merits.

Magistrate Judge Seibert's R&R was adopted in its entirety and the defendant's § 2255 motion was denied and dismissed with prejudice on October 6, 2004. The defendant's appeal of that Order was dismissed by the Fourth Circuit Court of Appeals on December 20, 2005.

On November 6, 2006, the defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255. On November 7, 2006, Magistrate Judge Seibert entered an R&R which recommended dismissal of the defendant's second § 2255 motion as unauthorized and successive. That R&R was adopted in its entirety and the defendant's second § 2255 motion was denied and with prejudice on December 21, 2006. The defendant appealed the denial of his second § 2255 motion on January 22, 2007. That appeal was dismissed on May 14, 2007.

## **Applicable Law**

"At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." **United States v. Valdez-Pacheco**, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citation omitted). However, although Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished *audita querela* in the civil context, in **United States v. Morgan**, 246 U.S. 502 (1954), the Supreme Court found that common law writs potentially survive in the criminal context pursuant to the All Writs Act. Therefore, *audita querela* is potentially available "where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and this is not redressable pursuant to another post-conviction remedy." **United States v. LaPlante**, 57 F.3d 252, 253 (2d Cir. 1995).

3

Nonetheless, such common law writs survive only to the extent that they "fill the gaps" in the current system of federal post-conviction relief. *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997).

## Magistrate Judge's Recommendations

In his Report and Recommendations, Magistrate Judge Joel found that the defendant is barred from consideration of his *Booker* claim pursuant to another motion to vacate under 28 U.S.C. § 2255 because *Booker* is not retroactive to cases on collateral review and because of § 2255's limitation on successive petitions. He reasoned that because the defendant cannot, at this time, successfully raise his claims in the appropriate manner, that does not mean that there is a "gap" in the current system of federal post-conviction relief. *See* *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) (the statutory limits on successive habeas petitions does not create a "gap" in the post-conviction landscape that can be filled with common law writs); *Valdez-Pacheco*, 237 F.3d 1080, cited with approval in *In re Watkins*, No. 06- 07807, 2007 WL 1041035 (4th Cir. 2007) (unpublished) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs."). Magistrate Judge Joel further stated that to find otherwise would be nonsensical. Every prisoner currently limited by the rules of retroactivity and the restrictions of § 2255 would simply be able to bypass those limitations merely by filing a writ of *audita querela* and those limitations would have no meaning. Such action would fly in the face of the express intent of Congress in enacting the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, Title I, § 105,

4

110 Stat. 1214, 1220 (AEDPA), that limits the rights of prisoners to file § 2255 motions.

Thus, the magistrate judge concluded, because the defendant's claims are cognizable in a § 2255 motion, even if he is barred from raising them at this time, the writ of *audita querela* is not available to him.

### **Petitioner's Objections**

The petitioner makes much of the magistrate judge's September 5, 2008, Order in which the court ordered the Government to address whether the writ of *audita querela* is available to the petitioner based on the claims made in the petition. First, the petitioner mistakenly argues that the magistrate judge's request that the Government address this issue inferred that he was of the opinion that the writ of *audita querela* was available to the petitioner. This is an inaccurate interpretation of the magistrate judge's order. The magistrate judge never accepted the petitioner's claims; rather, the Government was simply given the opportunity to brief the same. To the contrary, as shown in the magistrate judge's R&R, it was his opinion that the writ of *audita querela* was, indeed, not available.

Additionally, the petitioner objects to the Government's response to the magistrate judge's order as being outside the scope of the request to specifically address whether the writ of *audita querela* is available because the response speaks to the correct proposition that the instant petition constitutes a successive motion under § 28 U.S.C. 2255. The mere fact that the Government provided more than one reason why the relief sought should be denied in no way takes away from its sound reasoning why it should be denied for not establishing entitlement to the same. Rather, the multiple arguments made by the Government strengthen its position that the writ of *audita querela* should be denied. Simply

put, the Government makes a logical connection between the assertion that the claim is barred as a successive § 2255 petition and the petitioner's feeble attempt at a backdoor avenue via the writ of *audita querela*. The Court finds this to be enough to deny the motion; however, the Court will, for the record, additionally recognize that the defendant fails to make a showing that he is entitled to this relief on its own merit. *See* **United States v. Richter**, 510 F.3d 103 (2d Cir. 2007) (finding writ of *audita querela* not available to defendant raising **Booker** claim, even though time-barred from raising claim under § 2255); **Carrington v. United States**, supra (writ of *audita querela* not available to defendant seeking relief under **Booker**, even though defendant barred by raising claim in a successive § 2255 motion); *see also* **United States v. Juvera**, 2008 WL 2949545 (E.D.Ark. July 30, 2008) (*audita querela* not available to challenge sentence where defendant is time-barred from raising issue under § 2255); **Brown v. United States**, 2007 WL 4723378 (D.S.C. Nov. 2, 2007) (writ of *audita querela* not available to circumvent restrictions of 28 U.S.C. § 2255).

The petitioner also seeks fault with the outcome of his first § 2255 petition, which he claims was correct, but denied as a result of a flawed system. The petitioner cites this, along with several other unpersuasive arguments, as a "gaps" anticipated by case law which would allow for a writ of *audita querela*. As previously stated, however, the Fourth Circuit Court of Appeals dismissed the petitioner's original § 2255 appeal. This Court simply cannot, and certainly will not, replace the sound judgment of the Fourth Circuit with that of the petitioner's own self-serving statements regarding the validity of his petition. Thus, the petitioner's objections are **OVERRULED**. If the petitioner wishes to challenge

this logic, he may again attempt to appeal to the Fourth Circuit.

## Conclusion

Accordingly, upon careful review of the above, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation [Doc. 443]** should be, and is, hereby **ORDERED ADOPTED** for the reasons stated above and for those reasons more fully stated in the magistrate judge's report. Additionally, the defendant's objections **[Doc. 445]** are **OVERRULED**. As such, the defendant's Petition for Writ of *Audita Querela* **[Doc. 433]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* defendant.

**DATED:** March 30, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE