# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                 Crim. Action No. 3:00-CR-24(1)

**ARTHUR LEE HAIRSTON, SR.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 9, 2010, *pro se* Defendant, Arthur Lee Hairston, Sr. ("Defendant"), filed the pending motion to modify sentence requesting that he be released or, in the alternative, receive a six-month furlough to receive proper medical treatment and receive a reduction in sentence pursuant to the 1:1 ratio.[1] The matter was referred to this Court by the District Court on May 14, 2010, for report and recommendation.[2]

### II. BACKGROUND

On March 16, 2001, Defendant was convicted by a jury of one count of conspiracy to distribute crack cocaine - Count 1 - and five counts of distribution of crack cocaine - Counts 2 through 6.[3] On August 3, 2001, Defendant was sentenced to 240 months imprisonment on Count 1 and 240 months imprisonment on Counts 2 through 6, to run consecutive and concurrent to the

---

[1] Dkt. No. 473

[2] Dkt. No. 476.

[3] Dkt. No. 253.

extent necessary to produce a total sentence of 290 months imprisonment.[4] Defendant appealed his conviction and sentence on August 20, 2001.[5] Defendant's conviction and sentence were affirmed on June 7, 2002.[6] Defendant's petition for writ of certiorari was denied by the United States Supreme Court on October 15, 2002.[7]

Defendant filed his first motion to vacate his sentence under 28 U.S.C. § 2255 on October 20, 2003.[8] After receiving a response from the Government, this Court entered a Report and Recommendation recommending that Defendant's § 2255 motion be denied and dismissed on the merits.[9] The Report and Recommendation was adopted in its entirety, and Defendant's § 2255 motion was denied and dismissed with prejudice on October 6, 2004.[10] Defendant's appeal of that Order was dismissed by the Fourth Circuit Court of Appeals on December 20, 2005.[11]

On November 6, 2006, Defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255.[12] On November 7, 2006, this Court entered a Report and Recommendation recommending dismissal of the second § 2255 motion as unauthorized and successive.[13] That

---

[4] Dkt. No. 308.

[5] Dkt. No. 314.

[6] Dkt. No. 345.

[7] Dkt. No. 347.

[8] Dkt. No. 348.

[9] Dkt. No. 361.

[10] Dkt. No. 377.

[11] Dkt. No. 387.

[12] Dkt. No. 393.

[13] Dkt. No. 398.

Report and Recommendation was adopted in its entirety and Defendant's second § 2255 motion was denied with prejudice on December 21, 2006.[14] Defendant appealed that denial on January 22, 2007.[15] The appeal was dismissed on May 14, 2007.[16]

On September 2, 2008, Defendant filed a Petition for Writ of Audita Querela.[17] Magistrate Judge David J. Joel issued a Report and Recommendation on January 29, 2009, recommending that the motion be denied.[18] On February 9, 2009, Defendant's Motion for Reduced Sentence Pursuant to 28 U.S.C. § 3582(c) was granted, and Defendant's sentence was reduced from 290 months imprisonment to 230 months imprisonment.[19] Defendant appealed the reduction in sentence on February 23, 2009.[20] On March 30, 2009, the Report and Recommendation recommending that the Petition for Writ of Audita Querela be denied was affirmed.[21] Defendant appealed that order on April 10, 2009,[22] and the Order was affirmed by the Fourth Circuit Court of Appeals on September 14, 2009.[23] On March 9, 2010, Defendant

---

[14] Dkt. No. 401.

[15] Dkt. No. 402.

[16] Dkt. No. 407.

[17] Dkt. No. 433.

[18] Dkt. No. 443.

[19] Dkt. Nos. 444 & 447.

[20] Dkt. No. 450.

[21] Dkt. No. 458.

[22] Dkt. No. 463.

[23] Dkt. No. 468.

filed the current Motion to Modify Sentence.[24] On April 5, 2010, the United States Court of Appeals for the Fourth Circuit issued an Order placing this case in abeyance pending the decision of Defendant's appeal of his reduction in sentence.[25]

### III. ANALYSIS

**1.    Contentions of the Party**

Defendant requests that the Court order the United States Department of Justice to immediately release Defendant or, in the alternative, order a six-month furlough, and order the B.O.P. at Fort Dix to properly medicate Defendant. Defendant also moves this Court to reduce his sentence commensurate with the 1:1 ratio.

**2.    Compassionate Release**

Defendant first argues that he be released immediately or, in the alternative, be given a six-month furlough to receive adequate medical treatment. Defendant cites 18 U.S.C. §3582(c)(1)(a) to support this contention:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction;

The Court has no jurisdiction to grant a compassionate release because the Director of the

---

[24] Dkt. No. 473.

[25] Dkt. No. 475.

Bureau of Prisons has not made such a request. Thus, Defendant is not entitled to any habeas relief regarding his request for a compassionate release. See United States v. McCann, 2003 WL 2002776 (W.D. Va. 2003)(the court can not modify the defendant's sentence because of the illness of his daughter because the Director of the Bureau of Prisons had not made a motion for modification); see also, Engle v. United States, 26 Fed. Appx. 394, 2001 WL 1356205 (6th Cir. 2001)(unpublished)("A district court may not modify a defendant's federal sentence based on the defendant's ill health except upon a motion from the Director of the Bureau of Prisons").

**3.     Request for Proper Health Care**

Defendant next moves the Court to order the B.O.P. to provide adequate medical care and properly medicate Defendant to alleviate the pains from his physical condition. Defendant's petition cannot be granted on this ground. Defendant is challenging the conditions of his confinement or a violation of his civil rights. To pursue the claims raised in his petition regarding the conditions of his confinement, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[26] and pay the $350.00 filing fee.

**4.     Reduction Commensurate to 1:1 Ratio**

Last, Defendant requests that his sentence be reduced pursuant to the 1:1 ratio. In an effort to lessen the disparity between crack cocaine and powder cocaine sentences, in 2007, the United States Sentencing Commission amended the sentencing guidelines to reduce penalties for crack cocaine offenses by two-levels. The amendment went into effect on November 1, 2007,

---

[26] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because Defendant is a federal prisoner, he must therefore file a Bivens action.

and on December 11, 2007, the Sentencing Commission unanimously voted to give retroactive effect to the amendment. Retroactivity became effective on March 3, 2008. Since then, the Sentencing Commission and others have discussed reducing the penalties further, but no additional reductions have been made.

A review Defendant's case shows that his sentence was reviewed for eligibility for the two level reduction. Defendant was deemed eligible, counsel was appointed on his behalf, and his sentence was reduced pursuant to the 2007 retroactive amendments on February 9, 2009. Since there has been no further reduction to a 1:1 ratio, the Court is unable to reduce Defendant's sentence as he requests.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's Motion to Reduce Sentence (Dkt. No. 473) be **DENIED** and **DISMISSED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet,

and to counsel of record, as applicable.

DATED: June 1, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE