**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                            **CRIMINAL ACTION NO. 3:00-CR-24-1
(BAILEY)**

**ARTHUR LEE HAIRSTON, SR.,**

    Defendant.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

I. <u>Introduction</u>

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated May 14, 2010 [Doc. 476], this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on June 1, 2010 [Doc. 479]. In that filing, the magistrate judge recommended that this Court deny the defendant's Motion to Modify Sentence [Doc. 473].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The defendant timely filed his objections on June 14, 2010 [Doc. 480]. The defendant supplemented his objections on the same day [Doc. 484]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

II.  Factual and Procedural History

On March 16, 2001, the defendant was convicted by a jury of one count of conspiracy to distribute crack cocaine (Count 1) and five counts of distribution of crack cocaine (Counts 2-6) [Doc. 253]. On August 3, 2001, the defendant was sentenced to 240 months imprisonment on Count 1 and 240 months imprisonment on Counts 2 through 6, to run consecutively and concurrently to the extent necessary to produce a total sentence of 290 months imprisonment [Doc. 308]. Thereafter, the defendant unsuccessfully appealed his sentence [Docs. 314, 345]. The defendant was similarly unsuccessful in moving to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2003 and 2006 [Docs. 387, 407].

On February 29, 2008, the defendant moved for a reduction of his sentence pursuant to 18 U.S.C. 3582(c) [Doc. 422], which the Court granted on February 9, 2009 [Doc. 444]. As a result, the defendant's sentence was reduced from 290 months

2

imprisonment to 230 months imprisonment [Doc. 447].

On March 9, 2010, the defendant filed the pending Motion to Modify Sentence [Doc. 473]. In his motion, the defendant requests that this Court: (1) grant him an immediate release or, in the alternative, a six-month furlough to receive adequate medical treatment; (2) order the Bureau of Prisons ("BOP") to provide adequate medical care; and (3) reduce his sentence pursuant to a 1-to-1 ratio.

On June 1, 2010, Magistrate Judge Seibert filed his R&R [Doc. 479], recommending that this Court deny the defendant's motion. On June 14, 2010, the defendant filed Objections [Docs. 480, 484]. On September 2, 2010, the defendant filed a Motion Update and Status Report [Doc. 486], reasserting and supplementing the arguments raised in his Objections.

III. Discussion

    A. **Immediate Release or Furlough**

In his motion, the defendant requests that this Court grant him an immediate release or, in the alternative, a six-month furlough to receive adequate medical treatment. In his R&R, the magistrate judge recommends that this request be denied. In support of his recommendation, the magistrate judge finds that "[t]he Court has no jurisdiction to grant a compassionate release because the Director of the Bureau of Prisons has not made such a request." ([Doc. 479] at 4-5). In his Objections, the defendant appears to assert two challenges to the magistrate judge's finding. First, the warden at FCI Allenwood instructed him to seek redress in this Court. Second, the Director of the BOP has admitted that the BOP cannot provide the defendant adequate medical care. For the reasons that follow,

3

however, the Court finds these arguments unpersuasive and will **OVERRULE** the defendant's objection.

18 U.S.C. 3582(c)(1) provides, in pertinent part, that:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that - -

(1) in any case - -

(A) the court, ***upon motion of the Director of the Bureau of Prisons***, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable . . ..

18 U.S.C. 3582(c)(1)(A) (emphasis added).

Neither argument presented by the defendant allows this Court to ignore explicit congressional intent that only the Director of the BOP can move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). As such, this Court cannot grant the defendant an immediate release from custody or a six-month furlough pursuant to this provision. Accordingly, the Court hereby **OVERRULES** the defendant's objection.

### B. Proper Medical Care

In his motion, the defendant requests that this Court order the BOP to provide him adequate medical care. In his R&R, the magistrate judge recommends that this request be denied. In support of his recommendation, the magistrate judge states that "[t]o pursue the claims raised in his petition regarding the conditions of his confinement, the petitioner must file a lawsuit governed by ***Bivens v. Six Unknown Agents of the Federal Bureau***

4

*of Narcotics*, 403 U.S. 399 (1971), and pay the $350.00 filing fee." ([Doc. 479] at 5). Upon a careful review of the defendant's Objections, it appears that he has not specifically challenged this portion of the R&R. As such, the Court reviews the magistrate judge's finding for clear error. In so doing, the Court finds no clear error in the magistrate judge's reliance upon **Bivens**[1] to conclude that the defendant's motion cannot be granted on this ground. Accordingly, the Court hereby **OVERRULES** the defendant's objection.

### C. Reduction of Sentence

In his motion, the defendant requests that this Court reduce his sentence pursuant to a 1-to-1 crack cocaine/powder cocaine ratio. In his R&R, the magistrate judge recommends that this request be denied. In support of his recommendation, the magistrate judge emphasizes that "[the defendant's] sentence was reduced pursuant to the 2007 amendments on February 9, 2009. Since there has been no further reduction to a 1:1 ratio, the Court is unable to reduce the Defendant's sentence as he requests." ([Doc. 479 at 6). In his Objections, the defendant argues that a 1-to-1 ratio has become common law through application in the federal courts of the United States. For the reasons that follow, however, the Court cannot accept the defendant's argument and will **OVERRULE** his objection.

"With respect to drug-trafficking offenses, the Sentencing Guidelines establish a defendant's base offense level according to the type and weight of the drug. *See* USSG

---

[1]In **Bivens**, the Supreme Court of the United States created a federal counterpart to 42 U.S.C. § 1983 so that individuals could bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. **Bivens**, 403 U.S. at 396-97.

§§ 2D1.1(a), (c). When the Commission first promulgated the Guidelines in 1987, it adopted the 100-to-1 ratio selected by Congress in setting mandatory minimum sentences in the Anti-Drug Abuse Act of 1986, 100 Stat. 3207. Under that framework, the Commission "treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine." **Kimbrough v. United States**, 552 U.S. 85, 96, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The Commission later sought to alleviate the disparity produced by this ratio. After several failed attempts at reform, *see id.*, at 99, 128 S.Ct. 558, 169 L.Ed.2d 481, the Commission in 2007 amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. *See* USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made that amendment retroactive. *See id.*, Amdt. 713 (effective Mar. 3, 2008)." **Dillon v. United States**, 130 S.Ct. 2683, 2688 (U.S. June 17, 2010). On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") was signed into law, reducing the ratio to 18-to-1. The issue of whether the new ratio will apply retroactively remains unknown.

Here, the defendant received a reduction in sentence pursuant to the 2007 amendment on February 9, 2009. Because Congress has not decided whether the 18-to-1 ratio will apply retroactively, this Court cannot grant the defendant any further sentence reduction at this time. *See* **Dillon**, 130 S.Ct. at 2688 ("**_When the Commission makes a Guidelines amendment retroactive_**, 18 U.S.C. 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.") (emphasis added). Accordingly, the Court hereby **OVERRULES** the defendant's objection. However, as indicated below the Court will deny the defendant's motion *without* prejudice, meaning

6

that if the 18-to-1 ratio is made retroactive the defendant will not be estopped from seeking a sentence reduction.

IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 479]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Docs. 480, 484]** are **OVERRULED**. Accordingly, the defendant's Motion to Modify Sentence **[Doc. 473]** is hereby **DENIED WITHOUT PREJUDICE** for the same reasons as stated above. Moreover, the defendant's Motion Update and Status Report **[Doc. 486]** is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: September 3, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE